UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Andre George Mehilove,<br><br>Defendant and Petitioner. | Case No. 11-cr-219 (SRN/SER)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Laura M. Provinzino, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Andre George Mehilove, Bedford Heights, Ohio 44146, *Pro Se* Defendant and Petitioner.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court on Defendant-Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 61] and the Government's Motion to Dismiss Petition for Habeas Relief [Doc. No. 64]. For the reasons set forth below, the Court denies Defendant-Petitioner's Section 2255 motion and grants the Government's motion to dismiss.

## II. BACKGROUND

Defendant-Petitioner was charged by Superseding Indictment with knowingly selling counterfeit postage stamps (Count 1), in violation of 18 U.S.C. § 501. (Superseding

1

Indictment [Doc. No. 16].) On October 17, 2011, Defendant-Petitioner entered a guilty plea to Count 1 before the Honorable Richard H. Kyle. (Court Mins. [Doc. No. 42].) The Court sentenced Defendant-Petitioner to eighteen months imprisonment and three years of supervised release. (J. in a Criminal Case at 2-3 [Doc. No. 56].) Defendant-Petitioner was released on August 5, 2013.

Defendant-Petitioner did not file a direct appeal to the Eighth Circuit Court of Appeals, and his conviction became final on March 15, 2012. On July 12, 2013, Defendant-Petitioner filed a motion under 28 U.S.C. § 2255 to set aside, vacate, or correct his sentence. (*Pro Se* Mot. to Vacate under 28 U.S.C. § 2255 [Doc. No. 61].)

## III. DISCUSSION

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In addition, the Eighth Circuit has held that

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Petitioner bears the burden of proof as to each ground for relief. Kress v. United States, 411 F.2d 16, 20 (8th Cir. 1969).

**A. Claims**

Defendant-Petitioner argues that although "[a]t first blush . . . the petitioner would seemingly be procedurally or time-bar[r]ed in this instant action," equitable tolling should apply. (*Pro Se* Mem. in Support of Section 2255 Motion at 6 [Doc. No. 62].) Defendant-Petitioner also claims that he was denied effective assistance of counsel, because his public defender allegedly: (1) failed to appeal Defendant-Petitioner's sentence after Defendant-Petitioner so requested; (2) failed to obtain an expert and conduct a proper investigation; (3) intentionally misrepresented matters of law to Defendant-Petitioner; and (4) failed to apprise Defendant-Petitioner about "De Facto Deportation." (Id. at 8-17; *Pro Se* Mot. to Vacate under 28 U.S.C. § 2255 at 4-5 [Doc. No. 61].)

The Court finds that Defendant-Petitioner's motion is untimely. A one-year statute of limitations applies to Section 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(f). Here, the triggering event was the date on which the judgment of conviction became final. Id. § 2254(f)(1). On March 1, 2012, this Court entered Defendant-Petitioner's sentencing judgment. (J. in a Criminal Case [Doc. No. 56].)

3

Defendant-Petitioner had fourteen days, or until March 15, 2012, to file a direct appeal, which he did not do. See FED. R. APP. P. 4(b)(1)(A)(i). Defendant-Petitioner's conviction became final on March 15, 2012—the time when filing a Section 2255 motion began to run. But Defendant-Petitioner did not file his Section 2255 motion until July 12, 2013, which was several months after the one-year limitations period had passed. (*Pro Se* Mot. to Vacate under 28 U.S.C. § 2255 [Doc. No. 61].) Moreover, none of the alternate triggering events under § 2254(f)(2-4) is present in this case. For these reasons, Defendant-Petitioner's Section 2255 motion is time-barred.

Next at issue is whether equitable tolling applies. The Court recognizes that a Section 2255 motion is not automatically barred after the one-year statute of limitations expires if extraordinary circumstances beyond Defendant-Petitioner's control prevented him from timely filing the motion. United States v. Martin, 408 F.3d 1089, 1092-93 (8th Cir. 2005). For equitable tolling to apply, Defendant-Petitioner must show: (1) extraordinary circumstances prevented him from timely filing, and (2) his diligence in pursuing the Section 2255 motion. Id. at 1093-95. Equitable tolling is an "exceedingly narrow window for relief." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005) (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).

Defendant-Petitioner argues that extraordinary circumstances prevented him from timely filing, and he pursued his Section 2255 motion diligently. Defendant-Petitioner claims that the extraordinary circumstances include (1) serious misconduct by his public defender when she did not file a direct appeal as Defendant-Petitioner wished, and (2) Defendant-Petitioner's inadequate access to the library at the Northeast Ohio Correctional

Center. The Court respectfully disagrees. First, the responsibility to file a Section 2255 motion is solely Defendant-Petitioner's. See Modrowski v. Mote, 322 F.3d 965, 968 (7th Cir. 2003) (noting that petitioners, "whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands"). Second, Defendant-Petitioner's purportedly inadequate access does not rise to the level required to allow equitable tolling. Defendant-Petitioner claims, for example, that the library limited the number of inmates allowed in the library at a time; the library's evening and weekend hours were limited; the library had only one computer with access to legal research; and only inmates with imminent court dates—which Defendant-Petitioner did not have—could visit the library at any time. (*Pro Se* Mem. in Support of Section 2255 Motion at 7 [Doc. No. 62].) Such limitations, however, do not necessarily mean that access to the library was inadequate. For example, in Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003), the petitioner was not granted equitable tolling despite a prison policy that limited access to two hours per day and required prisoners to sign up in advance. Moreover, Defendant-Petitioner does not claim that he was denied all access to the library and legal materials, which may toll the limitations period. See Espinoza-Matthews v. California, 432 F.3d 1021, 1028 (9th Cir. 2005) (permitting equitable tolling because the defendant was completely denied access to legal materials while incarcerated). For these reasons, Defendant-Petitioner has not shown extraordinary circumstances to justify equitable tolling of the one-year statute of limitations.

Finally, the Court finds that Defendant-Petitioner has not pursued his Section 2255 motion diligently. Defendant-Petitioner had one year and fourteen days to file his motion

5

before it was time-barred, and he failed to do so. He has not shown diligence by, for example, hiring an attorney or staying current with the timeliness of his motion. See Martin, 408 F.3d at 1095 (finding diligence where the petitioner hired an attorney well in advance of the filing deadline; stayed abreast of his case's status; provided his attorney with original documents; filed a complaint with the California Bar when he lost faith in the attorney; moved for extension of time to prepare a Section 2255 motion; and when these motions were denied, the petitioner promptly filed a *pro se* Section 2255 motion). In contrast to the petitioner in Martin, Defendant-Petitioner has not shown diligence in pursuing his Section 2255 motion.

In short, Defendant-Petitioner has not shown (1) extraordinary circumstances that prevented him from timely filing, and (2) diligence in pursuing his Section 2255 motion. Therefore, equitable tolling is inappropriate here.

Because Defendant-Petitioner's Section 2255 motion is time-barred and equitable tolling does not apply, the Court does not reach the merits of Defendant-Petitioner's ineffective assistance of counsel claims. Accordingly, Defendant-Petitioner's Section 2255 motion is denied with prejudice.

### B. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, Defendant-Petitioner must obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could

resolve the issues differently," or that the issues otherwise "deserve further proceedings." Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that Defendant-Petitioner has not made such a showing, and therefore it declines to issue a certificate of appealability.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant-Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Doc. No. 61] is **DENIED**; and

2. The Government's Motion to Dismiss Petition for Habeas Relief [Doc. No. 64] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 22, 2013          s/ Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Court Judge